MARISOL A. NAGATA
CA NO. 221387
BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP
20955 PATHFINDER ROAD
SUITE 300
DIAMOND BAR, CA 91765
Phone: (626) 915-5714, Fax: (972) 661-7726
E-mail: NDCAECF@BDFGROUP.COM

Attorney for Movant
WELLS FARGO BANK, N.A., ALSO
KNOWN AS WACHOVIA MORTGAGE, A
DIVISION OF WELLS FARGO BANK, N.A.,
AND FORMERLY KNOWN AS WACHOVIA
MORTGAGE, FSB, FORMERLY KNOWN AS
WORLD SAVINGS BANK, FSB, ITS
ASSIGNS AND/OR SUCCESSORS IN
INTEREST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>LYZA CHAVEZ<br><br><br><br><br>Debtor. | CASE NO.:  10-12372-AJ-13<br>CHAPTER:  13<br>R.S. NO.:    EAT-1108<br><br>MOTION FOR RELIEF FROM THE<br>AUTOMATIC STAY<br><br><br>DATE:        December 09, 2010<br>TIME:         09:00 a.m.<br>PLACE:       U.S. Bankruptcy Court<br>                    99 South  "E" Street<br>                    Santa Rosa, CA |

WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A

DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA

MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, ITS ASSIGNS

1

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND/OR SUCCESSORS IN INTEREST, hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to *11 U.S.C. Section 362(d)(1)* on the grounds hereafter set forth:

1. On June 24, 2010, the Debtor LYZA CHAVEZ commenced this voluntary Chapter 13 case in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, Case No. 10-12372-AJ-13. DAVID E. BURCHARD is the duly appointed, qualified and acting Chapter 13 Trustee.

2. The Debtor's estate includes real property commonly known as 3412 JACKSON STREET, CLEARLAKE, CA 95422 and legally described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF CLEARLAKE, COUNTY OF LAKE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT A, ONE PARCEL COMPRISED OF LOTS 16 AND 17 IN BLOCK 9, AS SHOWN ON THAT CERTAIN MAP ENTITLED, 'PLAT NO. 6 PARKERS ADDITION TO CLEARLAKE HIGHLANDS', FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID LAKE COUNTY ON JANUARY 6, 1926 IN BOOK 4 OF TOWN MAPS AT PAGE 100, PURSUANT TO MERGER, RECORDED APRIL 20, 2006 AS DOCUMENT NO. 2006010058, LAKE COUNTY RECORDS.

APN: 039-496-03

3. Movant, its successors and assigns, is the current holder of a ARM Note in the original sum of $308,000.00 executed on or about April 25, 2007 by the Debtor LYZA CHAVEZ in favor of WORLD SAVINGS BANK, FSB. The Note is secured by a First priority Deed of Trust against said real property recorded on May 03, 2007, as Instrument No. 2007010872 in the Office of the County Recorder of Lake County, California.

4. The original loan amount was payable with interest at the initial rate of 7.60 per annum in monthly principal and interest installments of $1,036.72 each, commencing June 15, 2007 and continuing thereafter each calendar month through April 15, 2049 at which time the entire unpaid principal balance plus accrued interest shall be due and payable. The interest rate and monthly payment are subject to periodic adjustments as specified in the Note.

bkcabk_MFR.rpt-26/Northern/Santa Rosa/0000002014876                                          Page 2 of 4

5.    The Debtor defaulted in his monthly payment obligations prior to bankruptcy filing, and a Proof of Claim itemizing the Debtor's pre-petition default has been or will be filed.  Movant has commenced foreclosure proceedings against the real property by recording a Notice of Default on August 28, 2008. There is no foreclosure sale date currently scheduled.

6.    The Debtor has materially defaulted in his obligation by failing to make regular post-petition monthly mortgage installments totaling $3,550.62 through and including October 15, 2010.  Another post-petition installment of $1036.72 will become due on November 15, 2010.  In addition, Movant has incurred attorney fees and costs totaling $800.00 to prosecute this relief from stay motion.  These legal expenses are recoverable as additional obligations payable under the ARM Note and Deed of Trust.

7.    The Debtor's material default constitutes cause to terminate the automatic stay under *11 U.S.C. Section 362(d)(1)* so that Movant can progress enforcement of its contractual default remedies to foreclose upon and recover possession of the real property.

WHEREFORE, Movant prays for an Order as follows:

1.    For an Order Terminating Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2.    That the Order Terminating Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3.    That the Order Terminating Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(3)* of the

Case: 10-12372    Doc# 38    Filed: 11/16/10    Entered: 11/16/10 12:41:58    Page 3 of 4
bkcabk_MFR.rpt-26/Northern/Santa Rosa/00000002014876                                     Page 3 of 4

*Federal Rules of Bankruptcy Procedure.*

    4.   For such other relief as the Court deems proper.

                                 BARRETT DAFFIN FRAPPIER TREDER
                                 & WEISS, LLP

Date:  November 16, 2010                By:   /s/ MARISOL A. NAGATA
                                           MARISOL A. NAGATA
                                         Attorney for Movant

Case: 10-12372   Doc# 38   Filed: 11/16/10   Entered: 11/16/10 12:41:58   Page 4 of 4

bkcabk_MFR.rpt-26/Northern/Santa Rosa/0000002014876                            Page 4 of 4