

```
 1 │ PETER N. HADIARIS, ESQ.        Signed: December 10, 2010
   │ State Bar No. 122590
 2 │ 17 Taylor Dr.
   │ Fairfax, CA 94930
 3 │ (415) 785-3477                 _____
   │ Attorney for debtor                   ALAN JAROSLOVSKY
 4 │                                       U.S. Bankruptcy Judge
 5 │                                _____
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In Re:                           )
                                 )
    LYZA CHAVEZ                  )    No. 10-12372
                                 )
                    Debtor(s)    )    Chapter 13
                                 )
_____)    ORDER VALUING LIEN OF
                                      IN DEFENSE OF ANIMALS
```

On September 24, 2010, Debtor filed a motion to value the lien ofIn Defense of Animials (hereinafter Lienholder) against the property commonly known as 16095 Spruce Grove Rd., Middletown, CA., and more fully described as

>    Land in unincorporated Lake County, California, described as:
>
>    Parcel "A" as shown on that certain map filed in the office of the County Recorder of Lake County on May 23, 1977 in Book 12 of Parcel Maps, page 43.
>
>    APN: 136-101-05

which lien was recorded in Lake County on or about February 11, 2005 as document 2005003844 (hereinafter the Lien). The court finds that notice of the motion upon Lienholder was proper. Lienholder having failed to file timely opposition to Debtor's motion, the court hereby orders as follows.

(1) For purposes of Debtor's chapter 13 plan only, the Lien is valued at zero, In Defense of Animals does not have a secured claim, and the Lien may not be enforced, pursuant to 11 U.S.C. §§

506, 1322 (b)(2) and 1327.

(2) This order shall become part of Debtor's confirmed chapter 13 plan.

(3) Upon entry of a discharge in Debtor's chapter 13 case, the Lien shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the Lien.

(4) If Debtor's chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law, and upon application by the Lienholder, the court will enter an appropriate form of order restoring the Lien.

(5) Except as provided by separate, subsequent order of this court, the Lien may not be enforced so long as this order remains in effect.

*** END OF ORDER ***