State Bar # 077632
RAY H. OLMSTEAD
Attorney at Law
P.O. Box 15031
Santa Rosa, California 95402
(707) 539-5551

Attorney for Veronica A. Tedeschi
and Adrian George Tedeschi

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                         Case No.: 10-12372

LYZA CHAVEZ                 Chapter 13

      Debtor                  DATE: December 20, 2010
                                    TIME: 10:00 a.m.
_____/   COURT: Santa Rosa

## TEDESCHI HEARING BRIEF IN SUPPORT OF

## OBJECTION TO CONFIRMATION AND LIEN AVOIDANCE

There are two issues before the court at this hearing:

1. Confirmation of the Debtor's amended plan.

2. The Debtor's motion to strip down Tedeschi's lien.

### Objection to Confirmation of Amended Plan

Tedeschis have filed an objection to the Debtor's plan (Docket No. 25), and an objection to the amended plan (Docket No. 35: "Supplemental Objection to Confirmation of Plan"). In response to Tedeschis' initial objection to the plan (contending that the plan did not adequately provide for the secured claim, and that it was not feasible) the Debtor filed an amended plan, that is on for confirmation at this hearing.

The amended plan provides that the Tedeschi lien shall be paid off, with interest, over the life of the plan. As noted, in

Tedeschis' Supplemental Objection, the amended plan does not provide terms for this repayment over the life of the plan. As such, the amended plan is illusory. The note is due and payable in full at this time. Tedeschis contend that in order to meet the requirements of Section 1325(a)(5) the plan must specifically provide for the payment terms, for paying the full amount of the allowed secured claim over the term of the plan. How else could the court determine whether the Debtor will be able to make all payments under the plan (Sec. 1325(a)(5)(C)?

Veronica Tedeschi has filed a declaration in support of her objection to the plan. Therein she states the current amount owed under the note and deed of trust, as of the date of the hearing, December 20, 2010. That amount will increase with the additional attorney fees and appraiser fees for this proceeding. Tedeschis contend that their claim is fully secured, and their appraiser supports this contention with his valuation of the property at $250,000. Were the Tedeschi secured claim, to be paid through the plan, to be in the amount of $240,000, then in order to pay that claim, with interest, over the remaining life of the plan (approximately 54 months), monthly payments would have to be $5,593.

Debtor's appraiser finds the value of the property to be $145,000. Even if the value were that low, and thus Tedeschis' secured claim was stripped down that amount, then the monthly payments required to pay off the secured claim, with interest, over the remaining 54 month term of the plan would be $3,380.

Debtor's income does not support her ability to make monthly payments to Tedeschi of $5,593, nor even of $3,380.

Based upon the foregoing, Tedeschis respectfully submit that the amended plan does not adequately provide for satisfaction of Tedeschis' secured claim, and confirmation must be denied.

(It should be noted that Debtor's original plan had provided that the Tedeschi secured claim, as stripped down, would be paid in full by the sale of the property to a third party. As stated in Tedeschis' objection to that plan, it is not reasonable to believe that any third party will pay cash to purchase property encumbered by a stripped down lien, when the lien will continue to attach to the property, in its full amount until the plan is completed, years from now. This sale to a third party provision, in the original plan, has been dropped from the amended plan.)

### **Objection to Stripping Down of Lien**

The court's determination of the value of the subject property, in light of the testimony of the two appraisers, will determine the outcome of this issue. However, as stated above, regardless of whether the lien is stripped, the plan is not feasible.

Tedeschis object to admissibility of the letter from David Neft, real estate broker at Neft & Neft, which gives his opinion of the value of the subject property. This letter was filed in support of the Debtor's motion to strip the lien. Tedeschis move the court to strike this letter from the record.

Respectfully submitted,

Dated: December 14, 2010

/s/ Ray H. Olmstead
Ray H. Olmstead, Attorney
for Tedeschis